Judge Tucker.
The appellants, one of whom was the widow of John H. Norton, brought a writ of dower a ut G. F. Norton. The count demands one-third pare fñ, ¿a I in a freehold, of a certain part or proportion of a *32 lot in the town of Winchester, by metes and bounds. The tenant pleads, first, that the said J. H. Norton, or any other person to his use, was not at any time during the coverture, &c. seised of an estate of inheritance therein, and thereupon issue was joined. Secondly, that the demandants ought not to have or maintain their action, &c. because he says, that during the coverture, &c. the said J. H. Norton duly made and executed his last will and testament, whereby the said John devised that the said Catharine his wife should receive an annual income of 150/. during her life, out of the estate of the ‘said John, and that, she should have the full use of the mansion-house and other houses of the said John, where the said John did then live, (not saying tvhere or in what county,) together with the ground on which they stand, and the garden, stable, aftd stable-lot, daring the life of the said Catharine ; likewise the free use of all the household and kitchen furniture, &x. for her life; and the said John did, in. and by the said will, also give and bequeath to the said Catharine, mulatto Hannah and her issue ; and the said John did afterwards, during the coverture, &c. duly make and publish a codicil to his said will, whereby he bequeathed to the said Catharine 200/. during her life, (not saying by the year,) in lien of the 1 SOI. bequeathed to her in the said will, and did moreover bequeath to her black Betty and her issue. And the said John did also, during the coverture, &c. duly make and publish one further codicil to his said will, whereby he bequeathed to the said Catharine all the plate to which he was entitled on the death of M. P. which said will and the codicils annexed thereto, have-, since the death of the said John, been duly proved and recorded in the Court of Frederick County, and are now in full force. And the said tenant in fact saith, that the said several bequests and devises in the said will and codicils before set forth, were in lieu of the said Catharine’s right of dower, in the estate of the said John, and that the said Catharine did, after the death of the said John, and before the commencement of this suit actually enter into and.-oc- *33 . up] the greatest part of the property so as aforesaid devised to her, to wit, the mansion-house and other houses, where the said John did live, {[not saying -where or in •what county,) and the stable, &c. and hall) ever since been in the possession and occupation thereof in lieu of her dower aforesaid, and this he is ready to verify, &c. and therefore prays judgment, &c. To this plea the demandants demurred specially ; and for causes of demurrer they say, 1st. That the averment in the said plea is of matter not contained in the said will and codicils, or either of them, or any part thereof, and the said tenant ought not to aver any thing out of the said will and codicils. 2d. The averment aforesaid is respecting matter, which, if it exists, is matter of record, and ought to be verified by the record, and is not so verified in and by the said plea. 3d. The said plea is otherwise insufficient, defective, and wants form. The tenant joins in the demurrer.
As this is the first case that has occurred in this Court, wherein a similar plea in bar has been pleaded, since the passage of the act concerning dower, wherein it is enacted, among other things, “ That if any estate be convened by il deed or will, either expressly or by averment, for the join- “ ture of the wife in lieu of dower, to take effect and con- “ tinue as in the act is expressed, such conveyance shall “ bar her dower,” &c. 1 shall enter somewhat at large into the consideration of the questions arising upon this demurrer. *
As to the first of these points; I conceive that whatever averment might have been made in England, in respect to a deed of lands, as meant, or intended, to be made in satisfaction of dower, may, since the act concerning dower, ed> 1794, c. 94. s. 11. was made, be made in this country in respect to a will, as well as a deed ; the intention and design ©f that act, being to put any provision made for the wife, by way of jointure, subsequent to the marriage, upon the same footing to all intents and purposes, whether made by will or deed. By the common law, according to the resolution m Leake and Randall’s case, cited 4 Co. 4- if aman devised *34 lands to his wife for term of life, generally, it could no'i be averred to be for the jointure of the wife, and in satisfaction of her dower, for two causes: 1st. Because a devise implies a consideration in itself, and therefore a devise cannot be averred to be to the use of another than the devisee, if it be not so expressed in the will; no more can a devise be averred to be for a jointure if it be not expressed in the will. But it shall be taken for a benevolence. 2d. The whole zvill concerning lands ought to be in writing, and no averment ought to be taken out of the will, which cannot be collected by the zvords in the zvill. But, if it were expressed in the will, that the devise was made in lieu and satisfaction of dower, the same was good by way of jointure, and bar of dower; if she accepted the same. 4 Co. 4. Co. Litt. 36. b. And this case was cited and approved by the whole court of B. R. 1 Lord Raym. 438. in Lawrence v. Dodwell. In a report of the same case by Lutw.(a) Treby, Ch., J. said, if it had teen said (in the will) that the devise to the demandant was for her jointure, it had been good ; and so, although the word jointure had not been in the will, if there had been other words therein tantamount; as if it had been said, that the devise was for a provision for the wife, or other words of the like kind, so that the intention of the testator might appear by the wolds of the will ; but no evidence out oe the will can be admitted; for then, one part of the will would be in writing, and the other not: parol discourses out of the will are of no signification, for it must be entirely in writing. And to the same effect is Lord Raymond’s report of that case, who says, that judgment was given for the demandant by the whole . Court; because the -averment, (in that case,) being matter out of the will, and not contained in it, ought not to be allowed.(b) And the same rule as to averments, I apprehend, applies also to a deed, as well as a will; the general rules 0f construction being the same, as to both : and therefore n0 implications can be allowed but such as are necessary, *35 or at least highly probable ; and not merely possible implications.(a) In the case of Tinney v. Tinney (b) where a bill was brought in the High Court of Chancery for dower, the heir at law insisted that the husband, in his life-time, gave a bond for 1,000/. in trust, to secure to his wife 560/. in case she survived him, and that it was intended at the time in lieu of dower, and that she acknowledged it to be so, and offered to read evidence of her acknowledgment. But Lord Hardivicke was of opinion that parol evidence could not be allowed in that case, being -within the statute of frauds and perjuries, and that a general provision for a wife was not a bar of dower, unless expressed to be so ; but that a bond to secure a sum of money, for her livelihood and maintenance, had been decided to be within the equity of the statute of H. VIII. of jointures. This is perfectly conformable to the opinion upon the will, in the case of Lawrence v. Dodwell; and since the provisions of the English statute of frauds and perjuries are ingrafted into ours respecting wills and conveyances, the construction ought to be the same here as there. Now certainly there is no expression in the will, so far as the same is set forth in the plea, by which it can appear to the Court, whether the devise of the dwelling-house, &c. was intended to be in satisfaction of dower, or not: for, if it were so intended, it ought to be in satisfaction of her whole dower, and not of a part only.(c) But by the terms of this averment, it would appear that the devise of the house and lots was only in part satisfaction. For the words are, “and “ the said tenant in fact saith, that the said several be-1 4‘ quests and devises in the said will and codicils before set “ forth, were in lieu of the said Catharine's right of dower “ in the estate of the said John which shews that the devise of the dwelling-house, See. must, at law, be in part satisfaction only and not for the whole. And if they were in part only, the devise thereof is no bar, 4 Co. 3. Co. Litt. 36. for a bequest of personal estate is no bar of dower in lands, as was adjudged in this Court in the case of bhvnf *36 v. Gee.(a) The case of Eastwood v. Vinke,(b) is in prmciple not unlike the present. A man on his marriage gave a bond to a trustee in a penalty, conditioned that if, within four months, he should settle and assure freehold lands of the value of 100/. per ann. the bond to be void. The husband soon after the marriage made his will and devised certain freehold and copyhold lands, lying intermixed, of the yearly value of 88/. to his loving wife and her heirs, and died within the four months. The Master of the Rolls said, “ as money and lands are things of a different nature, “ one shall not be taken in satisfaction of the other. “ Whatever is given by a will is prima facie to be intend-u ed a bounty, or benevolence. The devise of such of the (< land as is copyhold cannot possibly be taken towards “ satisfaction of the 100/. per ann. which was to be free« tc hold. Nay, supposing the whole 88/. per. ann. iverc freehold, it would not go towards satisfaction of the a 100/. not being so expressedand this decree was affirmed by the Chancellor. The averment, therefore, is so far from being proved by the words of the will and codicils, that to me they seem to contradict it, in express terms.
But it may be objected that the bequest of the annuity out of the testator’s estate, must be taken as a devise of a real estate, and therefore, coupled with the devise of the dwelling-house and lots, must be intended, as a satisfaction for the -whole and not a part only, of her right of dower. To this there are several answers. 1st. It is not averred that the testator had lands to that value, and therefore the devise may fail. 2d. It is not shewn out of what lands (if he had any) the annuity should be paid ; but only that it should he paid out of his estate; which might he wholly -personal except this lot; nor when it should commence j-nor that any power of distress or entry was given, in case it should be withheld ; nor is it shewn whether, if he had lands to that value, he had such an estate therein, as trun her estate therein should not he forfeitable, or determina *37 ?jie by such acts only as would forfeit her dower at the common law. For if he were tenant for a hundred or a thousand years, of lands to the value of the annuity, a devise thereof would be no bar of dower. So, if he were tenant pur autre vie, or even for several lives ; for peradventure the term may expire, or he forfeited by the actual tenant’s committing waste, or some breach of condition, in deed, or in law, without her fault.(a)
There is another ground upon which it may he questioned whether this plea and averment are so pleaded as that the Court can judge whether the devise is to be taken as a bar and satisfaction of dower or not. By the statute against fraudulent devises, any creditor by bond or other specialty, wherein the testator and his heirs were bound, might maintain his action of debt against the heir and devisee jointly, by virtue thereof. Now suppose a bond creditor were to bring suit against the widow upon the bond of her husband, could she plead in bar of the demand, that the devise to her was in satisfaction of her dower, unless it were so expressed in the will? What then, is the situation of a widow? If, when she accepts of a benevolence, from her husband in his will, it may he averred that it was in bar of her whole dower, (although not so expressed or apparent,) and that she accepted the same in satisfaction, thereof; the next day comes a creditor by bond; she cannot aver that the devise was in satisfaction of her dower, because not so expressed or apparent in the will, and the creditor sweeps the devise. Can this be right, or is it at all consistent with law, equity or moral justice ? Again; suppose (as is very common) the testator shall have subjected his whole estate to the payment of his debts, previous to any devise or legacy, therein contained, taking pffect; could this operate as a bar of a legal right, founded upon a valuable consideration, the marriage? Surely not. Ought not the will then to have been set forth at large, and pleaded with a profert in curia, that the court might judge upon the whole of the will, whether this devise was such a one, as could operate as a bar of dower, ac *38 cording to the terms of our statute, which are so emphatical, that I must beg leave to recite them. “ Also if any “ estate CONVEYED by deed or will, either expressly, or “ by averment, for the iointure of the wife, in lieu of her dower, to take effect in her own possession, immediate- “ ly on the death of her husband, and to continue during “ her life at the least, determinable by such acts only, " as would forfeit her dower at the common law, such con- “ veyance shall bar her dower of the residue of the lands, “ which at any time were her said husband’s.” Can a devise after payment of debts,(a) or a devise of an estate by law, subject to the payment of debts by specialty;(b) or of an estate determinable in any manner during the life of the wife, by any act which would not amount to a forfeiture of dower at the common law, or by any other cause, be aver-. red to be in satisfaction of the dower of the wife, unless the testator’s intention to that effect, be either expressed in, or apparent upon, the face of his will? And, if not, can this Court decide the question of such intention, without having the whole will and codicils before them ? And if that be necessary, ought there not to be in every case, a profert in curia of the will, or an authentic copy thereof, that the Court may, upon inspection, judge of the testator’s intention, and of the operation of the law upon the devise> taken with the rest of the will, as such a satisfacdon, as the law requires, to be a complete bar of dower ?(c)
Another objection to this plea and averment is, that it alleges that the widow after the death of the husband, and before the commencement of the suit, did actually enter into, and occupy the greatest part of the property so as aforesai¿ devised to her, to wit, the mansion-house and 0ther houses, where the said John did live, (not sailing *' ' J * xvhere, or in what county,) and the stable, stable-lots and , . i garden, and hath ever since been in the possession and ocCUpatjon thereof, in lieu of her dower as aforesaid. Now (hese things which are thus alleged to constitute the greatest. J:art (¡.hat js a part on hi) of the several devises and. - v , . . bequests before set forth, cannot, according to the authori *39 ties before cited, be averred to be in satisfaction of the whole; consequently, the entry into, and occupation of that part, could not operate as an acceptance thereof, in satisfaction of the whole. Because this tart, the mansion-house, &c. is the only real estate devised to her; all the rest, for aught that appears to the contrary, being merely personal estate, and therefore no satisfaction.
Again ; the entry into, seisin, and occupation of, the mansion-house, with the stable and garden thereto belonging, are matters of fact, which ought to have been so pleaded and averred as that a trial of those facts might have been had. But it is no where in the plea or averment mentioned, where, or in what county those premises lie; so that there is no venue laid. This appears to me to he a substantial defect in the plea. For by our law, “ until 44 dower shall be assigned to a widow, it shall be lawful for 44 her to remain and continue in the mansion-house, and the 44 messuage or plantation thereto belonging, without being 44 chargeable to pay the heir any rent for the same, any 44 law, usage or custom to the contrary in any wise not-44 withstanding.”(a) The law then gave her a right to remain and continue in the mansion-house, &c. whether devised to her or not; or whether accepted by her in satisfaction of her dower or not, until such time as her dower (or full satisfaction for the same) should be assigned, or made to her. This then being a legal right, of which she could not be deprived, the fact of the entrit, and, in what right such entry was made, ought to have been so pleaded as to be triable by a Jury of the vicinage. But the mansion-house, into which the entry is alleged, not being alleged to lie in any particular County or place, the plaintiff might not be prepared to repel the evidence which might be offered to prove the fact. For, if the husband had more than one mansion-house, evidence might be offered of an entry into one, as well as another; so that the plaintiff might be unable to meet it. And I hold it to be an invariable maxim in pleading, that every substantive plea in bar, in which any new matter of fact is alleged, affirmatively, and with *40 out reference to any matter of fact before alleged in the pleadings, must be pleaded so as-that an issue in fact may be made and joined thereon ; or, in other words, that there must be such circumstances of time and place alleged, as constitute a venue in law, otherwise such plea is substantially bad.(a) If a special justification, or other ■matter pleaded in bar, be local, the defendant must plead it in the proper County where the matter arose ; and, at the common law, the cause must have been tried there ;• otherwise it was error.(b) And it is a general principle, that the want of a venue is only curable by such a plea as admits the fact for the trial whereof it was necessary to lay a venue : and, though it is aided after a verdict, in. England, by statute 16 and 17 Car. II. yet there is no such provision in our statute of jeofails.
But, it may be objected, that this is a special demurrer ; and this omission to lay a venue is not assigned as a cause of demurrer. I have already said, the omission to lay a venue is matter of substance ; and, though it be true, that a demurrer confesseth all such facts as are sufficiently pleaded, matters not sufficiently pleaded are not admitted by a demurrer.(c) And though it be also true, that he that demurs specially can take no advantage of any other matter of form, than what he hath expressed in his demurrer $ yet he may of any other matter of substance.(d) Where the defendant pleaded Queen Elizabeth's letters patent, (as the defendant in this case hath the will of the husband,) without a profert in curia, in bar to an action of trespass, to which the plaintiff demurred, and for cause of demurrer, alleged that the defendant’s plea amounted only to the general issue; judgment was given for the plaintiff for this reason; because there was no profert in curia made of the letters patent, which was matter of substance. Here, then, the plea is substantially bad, in my opinion, not only because there is no venue laid, which I hold to be matter of substance; but because there is no profert in curia of the husband’s will; (or of a certified copy thereof at least;) *41 but a part only, and not the whole of the will is set forth in the plea ; so that the Court cannot make such a construction thereof as the law requires, viz. that the construction be made upon the entire deed, or will, and not merely on disjointed parts of it.(a) In Vernon’s case,(b) where the demandant in her replication relied on the will of her husband, we are told that she shewed all the will in certain. And the same ought to have been done here. ' Then, with respect to the venue, as to the entry into the mansion-house, in the same case, the tenant pleaded, that the husband was seised of other lands (besides those whereof dower was demanded) in the same County, in his demesne as of fee, and by deed enfeoffed certain trustees and their heirs, to the use of himself for life, and after bis decease to the use of the demandant, his wife, for her life, &c. and averred that the said estate, limited for life to the demandant, was for her jointure, and in full satisfaction of her dower ; and that after the death of her husband, the demandant entered into the said land so limited to her for her jointure, and agreed to the same. And therewith all the forms agree ; which shews that the laying the venue in such a plea is matter of substance : it shews, moreover, that the estate of the husband in the lands settled, or devised, ought to be shewn, that the Court may judge whether the estate of the wife therein be such, as is determinable only by such acts as would forfeit her dower at the common law. But the case of Ilderton v. Ilderton,(c) in which to a plea of ne ungues accouple in loyal marriage it was replied by the demandant, that she was married at Edinburgh, in Scotland, without laying a venue in England, and the replication was held good upon a special demurrer, for that cause, may be considered as overruling the objection to this plea, for want of a venue, But I am of opinion it does not; First, the fact of the marriage was alleged to be in another kingdom ; to which, the process of the Court did not extend. Secondly, it was of such a nature as was not triable by Jury, if alleged u-have taken place in England, but by the bishop’? cordir *42 catc. Thirdly, it was a collateral and transitory fact, which might happen in any County, and therefore the trial of the principal matter, where there was a venue already laid, would draw to it the trial of this collateral and transitory matter. See also Mostyn v. Fabrigas, Cowper, 176, 177. with respect to the distinction between local and transitory matters. Fourthly, that case turned upon the question, whether the practice in respect to replications, must be governed by the same rules, as were admitted to prevail in declarations and pleas ; and the Court held, that there were no precedents, by which the same strictness was required in replications, as in declarations, and pleas in bar
After what I have said upon the first point, and upon the merits as connected with it, í deem it unnecessary to say any thing upon the second point.
But an exception was taken to the count by Mr. Williams, Which at first appeared to me to contain great weight: to wit, that the demand is of the third part of a freehold, and not of a freehold of inheritance, or of an inheritance in fee-simple. But the cases cited by Mr. Call, from Booth on Real Actions, 166.Co. Entries, 176. 179. Rastall’s Entries, 229. as well as in later books of practice, (Crompton’s Pr. 316. 10 Wentworth’s Plead. 157. 163.) and the decision in Davenport v. Tyrrel, 1 Black. Rep. 679. that where a seisin is alleged in pleading, it shall be intended a seisin in fee ; for that, in pleading, the larger estate is always presumed - (which last case I recollect to have heard Judge Lyons rely on, in this Court ;) have fully satisfied me that there is nothing in that exception.'
Upon the whole matter, I am of opinion the demurrer to the plea ought to have been sustained; and consequently that the judgment of the District Court ought to be reversed, and the cause sent back to be tried upon the issue joined on the first plea.
*43 Judge Roane.
This is a writ of dower unde nihil hahet, brought by Ambler and wife for dower in a lot in the corporation of Winchester, which Mrs. Ambler claims as of the endowment of J. 11. Norton, her former husband.
The tenant pleads two pleas : 1st. That the said J. 11. Norton was never seised of an estate of inheritance in the premises duringthe coverture; on which issue is joined; and, 2d. That the demandants ought not ,to have their action, because, during the coverture aforesaid, viz. on the 19th of Nov. 1792, the said J. 11. Norton duly made his will, whereby he devised that the appellant, Catharine, (his then wife.) should receive an annual income of 150/. during her life, out of the estate of the said J. H. Norton, and have the full use of the mansion-house and other houses where he then lived, garden, stable, &c. during the life of the said Catharine, (as also various bequests of personal property for life and in absolute property,) which will (with two codicils) was duly recorded in the Court of Frederick, since the death of the said John, and are now in full force. The plea goes on to aver that the several bequests in the said will and codicils mentioned, were in lieu of her dottier, and that she did, after the death of the said John IF. Norton, and before the commencement of this suit, actually enter into and occupy the greatest part of the property so as aforesaid devised to her, viz. “ the mansion-house, lot,” &c. (stating ail the real property devised,) and hath ever since been in the possession and occupation thereof, in lieu of her dower aforesaid ; and this he is ready to verify, &c. To this second plea the demandants filed a demurrer, stating as causes thereof, 1st. “ That the averment in the said plea is of “ matter not contained in said will or codicils, or either of “ them, and that the said tenant ought not to aver any “ thing out of the said will and codicils and, 2d. “ That the averment aforesaid is respecting matter which, if it exists, is matter of record, and ought to be verified st by the record, and is not so verified in and by the said “ plea.” To this demurrer there is a joinder j and, im *44 arguing the demurrer, the Court adjudged the law for thei defendants ; from which judgment there is an appeal to this Court.
The question propounded by the first cause of demurrer, appears to have been a vexed question, perhaps, in England, as it relates to wills : but the most modern and satifsactory opinion seems to be, that where the devise is expressed to be in satisfaction of dower, or such seems to be the clear and manifest intention of the testator, the wife shall not have both dower and jointure.(a) This doctrine would be undoubtedly rendered more clear in favour of the ■iaverment, since the decisions in Kennon v. M'Robert,(b) and Shermer v. Shermer(c) In those cases it was admitted to be law, that in collecting the intention of the testator as from the will itself, the -words of the will are to be explained by the relative situation of the parties, and circumstances of the testator: facts derived from these sources^ thus sanctioned, in relation to the construction of wills, may be as imperious as any expressions whatsoever, in the will, to import an intention to substitute the jointure for the right of dower. But the words of our act are so clear and explicit as to put this matter entirely at rest. They are, “ if any estate be conveyed by deed or will, “ either expressly, or by averment, for the jointure of the “ wife, in lieu of her dower, to take effect in her own pos- “ session, immediately on the death of her husband, and “ to continue during her life at the least, determinable by “ such acts only as would forfeit her dower at the common “ law, such conveyance shall bar her dower of the residue Ét of the lands, tenements or hereditaments, which at any “ time were her said husband’s.” The intention of thé Legislature to this effect is still further manifested by the provision contained in the 12th section, (not to be found in the statute of lien. VIII.) that where any estate intended to be in lieu of dower, shall, through any defect, fail to be a legal bar thereto, and the widow shall demand dower also, the estate limited to her with intention to bar dower shall thereupon cease. This provision, taken in addition *45 to the clear expressions of the act as aforesaid, puts the question beyond all doubt : it adopts that equity which alwav s leans against a double provision : it overrules the ■” grounds on which a jointure, unless so expressed m the deed or will, had been held to be no bar to dower, and which in 3 Bac. Abr. 712. are said to be, (as they are,) contrary to justice ; and places the subject on the true ground of intention as it relates to the devisor; saving to the wife, in case of a jointure made during the coverture, the right to make her election after she becomes sole. While another clause of our act provides, that a widow expulsed from her jointure-land shall recover dower pro tanto, the clause just mentioned, on the other hand, confines her to dower only, where the jointure estate should fail through “ any defect” to be a bar thereto. This expression “ any defect” embraces a defect of the want of averment, as well as any other, and the whole case is put upon the ground of intention. If it be said that this construction contravenes the spirit of the statute of frauds, the answer is, 1st. That the words of the act in question are express and positive ; 2d. That the Legislature had power as well to depart from as to enact that statute ; and, 3d. That the principle settled, or rather recognised, in Kennon v. M‘Robert, and Shermer v. Shermer, will suffice for rverv purpose of the averment, and was not considered by the Court in those cases as. infringing that statute.
As to the second cause of demurrer, the demandan Is (after having complained, in the first, that the matter averred was not contained in the will or codicil) object that the s‘ averment aforesaid” is of matter of record, (meaning, 1 suppose, by the probate and recording of the will,) and ought to be verified by the record. It will readily occur here that the averment of a matter not contained in a will cannot be proved by the will: but,perhaps, the objection intended was, that the will itself should have been set out at large in the plea. As to this, it was rightly said by the appellee’s counsel that the substance of a will, as far as it ■relates to the ease, may he averred, and that the whole *46 will need not be set out in the plea. In Lawrence v. Dodwell,(a) the will was not set out: it is true indeed that Powell, Justice, stated, as his opinion in that case, that, if any intent in the devisor had appeared that the devise was to be in bar of dower, the devise should have been pleaded at large: but this is only the declaration of a single Judge; no decision is found to support it; nor do the forms of pleas bear out the idea that it is necessary.
The causes of demurrer assigned in this case being therefore incompetent to overrule the plea, let us seo whether there are any other grounds competent to do it.
This case being upon a special demurrer, we are not to regard “ any defect in the plea, except those assigned ; “ unless something so essential thereto, as that judgment “ according to law and the very right of the cause cannot “ be given, shall be omitted.”(b)
Notwithstanding the comprehensiveness of the above terms, we must have enough in the plea to enable us to give judgment “ according to law and the very right of the “ cause.” On this subject, I am of opinion, that what is substance, or not, is to be determined in every action according to its nature.(c) I also think we ought to adopt a principle, in relation to demurrers, analogous to that adopted in relation to general verdicts. In respect of ¿hem, it is held that, although a matter must have been proved to the Jury, and the general words of the act of jeofails(d) would seem to extend to all such cases, yet that the gist of the action must be laid in the declaration, or else a judgment thereupon cannot be given ; so, in the case of a plea, the gist of the bar must be stated.
Under this distinction, I will briefly examine the object tion that the plea ought to have stated that the testator, “ being seised in fee of the premises,” made the jointure in question. It is not denied that this is the regular form of pleading: but the question is whether this is indispensable upon a general demurrer. I have seen no decision shewing that it is. In this respect the plea is as ample as the act under which it is pleaded. That statute does not en *47 actli that where one seised of an estate of inheritance, &c. 6‘ shall convey by will,” ike. but that “ if an estate be conveyed by deed or will, either expressly, or by averment, “ for the jointure, &c. it shall bar dower,” Sec. This provision of the act would seem to determine what the gist, of the pica really is; and this gist is stated in the plea in question.
When, in addition to this, it is provided by the act, that if the jointress shall ever be evicted, she shall recover her dower pro tanto, why may we not, according to the very right of the cause, give judgment against her, if the averment be proved or admitted to be true ? She can, in .no event, be left destitute 5 and, in making her election to accept the jointure, undoubtedly took into her consideration her husband’s right to the premises conveyed in jointure. As it must appear to the Court that the estate conveyed in jointure has the requisites of the law, the widow, on the other hand, is to judge whether her husband was capable to convey it.
Again it is said that it ought to appear to the Court, that the devise of the jointure was to take effect in possession immediately on the testator’s death, and not after payment of his debts. I answer that nothing of this is stated in the plea in the case of Lawrence v. Dodwell(a) or any other pleadings that I have seen. As to the estate taking effect immediately, that is the natural inference from the facts stated in the plea, (and which are admitted to be true by the demurrer,) unless an intervening estate had been shewn to have been limited, which ought to have been shewn on the part of the demandants; and (as to the latter part of this objection) although a title to dower, having relation to the date of the marriage, is held to be discharged of judgments, statutes, mortgages, &c.(b) yet the husband has no power to exempt jointure-lands therefrom ; nor is such exemption essential to the validity of a jointure. We are told by LUackstone,(c) that there are some advantages attending tenants in dower that do not “xteud to jointresses; and vice versa. He states then? *48 particularly. If this exemption, from incumbrances, ike. exists in favour of dower, whereas it does not in favour of jointures ; so, on the other hand, the jointress finds an equivalent in her right to enter at once into her jointurelands, and in their exemption from forfeiture for treason j privileges which do not exist in relation to dower lands.
It is also said that it ought to appear that the devise was not clogged with any condition whatever, other than such as the law imposes as a forfeiture of dower. The answer is, that the plea sets forth an unclogged devise for life, which is admitted, and it is not shewn on the other side to be otherwise.
Again, it is said, that the jointure-land, not being solely (but only in connexion with other property) devised for the jointure, is not a satisfaction for the whole dower. In the case of Lawrence v. Lawrence(a) legacies were coupled with thejointure-land, and did not prevent it from being held to be an adequate bar to the whole dower ; as it would have been adjudged to be if in other respects the jointure had been held sufficient. As to its not being shewn that the widow entered into more than the real estate, she could not do so ; but her entering into that shewed her election to take the jointure.
It is objected that the plea does not state that the devise was accepted in lieu of dower. But it does state that the jointure-land was “ entered tipon” and enjoyed “ in lieu. “ of dower.” In saying that- she entered on such land, it is conclusive that the wife did not merely remain in the mansion-house and hold it, under the law, until dower was assigned. Besides; although the mansion-house entered into was the mansion-house at the date of the will, and, consequently, the one intended in the willy non constat, for it is not averred nor stated, that it was the mansion-house at the time of the death of the testator; and, if not, the. wife could not have entered upon it except under the will". she could not have remained therein under the law.
*49 This objection, and several others of similar character, if there was otherwise any thing in them, would stand interdicted by the effect of the special demurrer filed in this cause.
Another objection is taken, however, by the Judge who has preceded me, which was not taken at the bar ; namely, that the County in which the jointure-lands lie is not stated in the plea. This objection may be considered in two points of view : 1st. That the plea is alleged to be defective in not laying a venue; and, 2d. In not having that particularity and certainty which the law requires a plea to have. As to this last view of die plea ; while it is readily conceded that a demurrer admits the truth of such pleas only as are properly pleaded, (bearing in mind at the same time the effect resulting as to this point from a special demurrer,) it is a rule equally true that a plea need only contain a reasonable certainty of time, place and persons.(a) It seems also to be a just rule on this subject, that less particularity is necessary in relation to matters which equally lie within the knowledge of the adverse party, than in relation to such as lie only within the knowledge of the party pleading. The plea before us stands justified by both these rules of construction. The locality and certainty of the jointure-kind must have been at least as well known to the wife as to the tenant. Independent of this consideration, the plea, in respect of certainty, is entirely sufficient: it has every datum, whence to acquire a precise know ledge of the identity of the land, except the name of the County or Corporation in which the land lies. It is confined to land devised by a' will of Nov. 19lh, 1792 ; and is further ascertained by being described as the mansion-house, See. in which the testator then lived. I will ask cui bo?w insert the County on the ground of certainty f Even then we must resort to the above criteria to ascertain the land in question ; for there may have been more than one mansion-house within n given County or Town : on the other hand, this plea re» fierring to the mansion-house in which the testator lived *50 on the 19th of Nov. 1792, affords an unerring standard. ■ There is no want of certainty therefore in this plea.
With respect to laying a venue in this plea, there was no-necessity for it. In England, as all writs emanate from Court of Chancery, and the kingdom is divided into Counties, it is necessary to lay a venue directed to the Sheriff of the County in which the injury is supposed to have been committed; and then the trial must be had in the County in 'which the venue is laid.(a) I mean-not to say at present (as being unnecessary) how far this doctrine of venue is applicable to this country, owing to the different organization of our Courts: but having remarked the above as the true ground of the doctrine on this subject, I will test this case by it, on a supposition that wc were now in England.
In that country it is held that the laying a venue is sometimes substantial and sometimes formal only: It is sub-
stantial when the action is in rein, as in ejectment; for there the Sheriff must deliver possession, which he could not do unless the venue was laid in the proper County : but it is only formal where the action is transitory ; but yet some County must be laid to which the process must go to bring a Jury from. And this formal idea of a venue is carried so far as even to justify a fiction; as where a bond on the face of it was made at Bengal, itmust be stated to have been made at some place in England under a videlicet. These points are laid down with great force and perspicuity in the case of Mostyn v. Fabrigas.(b) I infer from this that a venue is not a matter of substance, unless the cause of controversy^ be local; unless the proceeding be in rem ; in which case also the real County is to be laid. This doctrine would shew the necessity of a venue in the action for the dower ; for it is local, and the Sheriff is to deliver possession of the land : but, in relation to the jointure-land, that would equally bar dower, if it lay in another country. In that case, if its locality were mentioned, :t need only be mentioned, by a fiction, to be in Virginia. As the suit in question is not to recover the *51 jointure-land, but the dower-land, and the question concerning the former comes in only collaterally, if a venue were necessary in relation to it, which it is not, it would be merely of the formal and not of the substantial kind. In Ilderton v. Ilderton(a) in a replication to a plea of ne unques accouple, in a suit for dower alleging a marriage in Scotland, it was held not to be necessary to state by way of venue, even by a fiction, that the marriage was held in England. The best reason given for it is, that the Court had already possession of the cause, and this matter arose incidentally ; and that the want of it could not be taken advantage of even on a special demurrer.
By the statute of 16 Car. II.(b) the want of a venue is aided after verdict. This shews it is not matter of substance ; for we have often held here (as I have before said) T.hat a want of substance going to the cause of action is not cured by a verdict, although the matter thereof must of necessity have been given in evidence to the Jury.
By the same statute, c. 8.(c) it is enacted, inter alia, that the “ want of a right venuef and all “ such omissions, “ variances and defects, and other matters of a like nature* •i not being against the right of the matter of the suit, 11 shall be amended after verdict.” This is an express legislative declaration that the want of a venue does not go to the very right of the cause.
When to this we add, that by our act we arc not to regard itny defect or imperfection in a plea, other than what shall be specially alleged as causes of demurrer, unless something, so essential to the defence as that judgment, according to law, and the very right of the cause, cannot be given, shall be omitted,(d) the want of a venue (a mere formal matter in a case like the present, even in England) must not impede a judgment.
The statute of 4 Ann. c. 16.(e) in England, (which is not stronger than ours as to the point in question, and from which our act was taken,) expressly overrules defects not stated as causes of demurrer, “ notwithstanding such defect or omission might heretofore be taken to be matter of *52 u substance.” If, therefore, this want of a venue had, before our act, been held to be a matter of substance, non constat that it would prevail since the enaction of the statute.
On every ground, therefore, I am of opinion that there was no necessity for laying a venue in the plea in question and, if there was, the omission to do it is not such a matter of substance as to justify the demurrer; since it was not set down as one of the causes thereof.
My opinion is to sustain the plea, overrule the demurrer, and affirm the judgment; and not, by sustaining the demurrer, to give the demandants the land if they shall, on the first plea, be able to shew that the testator was seised of the land sued for during the coverture. In that case, when we consider that a jointure was made by the testator, and accepted by the appellant after the coverture, the judgment would not only give a double provision to the widow, but be equally reprobated by the justice of the case and the law of the land.
Judge Fleming.
The principal question in this case is, whether the Court below erred in overruling the demurrer to the defendant’s second plea, or whether that plea, in the form it appears on the record, was not, if sustained, a legal bar to- the demandant’s action ?
In considering the question, I shall briefly state so much of the plea as seems to be material j and, secondly, state the substance of the demurrer, and endeavour to apply the law to the case, as it appears on the record.
The plea is, that the said John II. Norton, by will, duly made, &c. devised that the said Catharine, his wife, should have the full use ef the mansion-house, and other houses of the said John, where he did then live ; together with-the ground on which they stand ; and the garden, stable and stable-lot,- during the life of the said Catharine, (and-then- mentions two codicils to the said will, by which a considerable personal estate was bequeathed to her,) *53 which said will, and the codicils annexed thereto, have u since the death of the said John, been duly proved and 44 recorded, in the Court of Frederick County, and are “ now in full force ; and that the devises, 8cc. in the said “ will and codicils, before set forth, were in lieu of Ihe “ said Catharine’s dower in the estate of the said John ; “ and that the said Catharine did, after the death oí the said “ John, and before the commencement of this suit, ac- “ tually enter into and occupy the said mansion-house, and 44 other houses where the said John did live, and the stable, “ stable-lot and garden, so as aforesaid devised to her, in lieu of her dower aforesaid.”
To this plea there is a special demurrer; and for causes thereof, the demandants shew, 1st. “ That the averment in 44 the said plea is matter not contained in the said will and 64 codicils, or either of them, or any part thereof ; and the 44 tenant ought not to aver any thing out of the said will 44 and codicils,
2d. 44 The averment aforesaid is respecting matter c: 54 record, and ought to he verified by -(be record, and 1?, 44 not so verified by the said plea.”
1st. With respect to the first cause of demurrer, it was formerly held that a jointure by deed, though not expressed to be in lieu of dower, might be averred to be so ;(a) but that a devise to a wife for life, cannot be averred to be in satisfaction of dower, unless it be so expressed in the will.(b) Because, say the books, it shall be considered as a kindness and benevolence of me testator.
But our act of Assembly, 44 reducing into one the seve44 ral acts relating to dower f passed the 6ih Dec. 1 T92, places the provision made for the wife, by deed, or by will, on the same ground ; in which it is enacted (section 11.) that, 44 if any estate be conveyed by deed, or by will, either 44 expressly, or by averment, for the jointure of the wife, in 44 lieu of her dower, to take effect in her own possession., 44 immediately on the death of her husband, and to con-44 tinue during her life, at least, determinable, by such grw *54 ‘‘ only as would forfeit her dower at common law, such ci conveyance shall bar her dower of the residue of the “ lands, tenements and hereditaments, which at any time “ were her said husband’s. But, if the said conveyance “ were before the marriage, and during the infancy of the “ feme, or if it were made after marriage, in either case, “ the widow may, at her election, waive such jointure, and “ demand her dower.’? And in the 12th section, it is enacted, that, ‘‘ when any conveyance, intended to be in lieu “ of dower, shall, through any defect, fail tobe a legal bar “ thereto, and the widow, availing herself of such defect, “ shall demand her dower, the estate and interest conveyed “ to s,uch widow, with intention to bar her dower, shall “ thereupon cease and determine.”
By this act, it appears to be the will of the Legislature, that a widow shall not have both jointure and dower, whether the former be by deed or by will; but, in certain cases, may make her election.
The first recited section shews, clearly, that where a testator, by his will, makes provision for his widow, intending (but not expressing or declaring) it to be in lieu of her dovrer, the proper and only mode of shewing it to have, been so, is by averment; and therefore the averment in the case before us, that the devises in the will of John H. Norton, to his widow, were in lieu of her dower, was proper, and no good cause of demurrer ; and the same answer may suffice for the second cause, that the averment “ aforesaid is respecting matter of record, and ought to be “ verified by the record, and is not so verified for it seems to me not necessary that the averment should have been verified by the record ; the will, in which the devises averred to be in lieu of her dower were made, being particularly referred to in the plea.
But it is contended, that the plea is faulty and cannot be supported, because there is no venue laid therein ; and it is not stated that the mansion-house, &c. are situate in the *55 town of Winchester and County of Frederick, or at any other particular place.
If we inquire into the reason why laying a venue is necessary, in pleadings, where the subject in controversy is local, I conceive it to be, to identify the subject, and to prevent surprise on the adverse party ; and it seems necessary on the part of the demandant also, that m case oí a recovery, process may issue to the proper officer lo gh c possession of the premises.
If I am correct in this position, the object is fully attained by the plea, in this case; in which it is stated, 44 that the mansion-house, &c. devised to the said Catha'4 riñe, during her life in lieu of her right of dower, in the estate of the said John, is the mansion-house, &c. 44 where the said John did then live, and that, after the 44 death of the said John, and before the commencement of 44 this suit, the said Catharine did actually enter into and 44 occupy the said mansion-house, &c. where the said John 44 did live, and hath ever since been in the possession and 44 occupation thereof, in lieu of her dower aforesaid.” The plea refers to the will of John II. Norton, “ proved 44 and recorded in the Court of Frederick County and, as the law directs, that if wills be proved in a County Court, the proof shall be in the Court of the County wherein the mansion-house, or place of residence of the testator is, it consequently follows that the mansion-house of John II. Norton was in the County of Frederick, though not stated to be in the Town of Winchester, which appears to me to be as complete a description of the mansion-house, garden, stable and stable-lots, as if he had added, 44 lying in the Town of Winchester,” which I consider as matter of form merely, the substance having been sufficiently stated iu the plea, in which the premises were so particularly described, that the demandants could not, I conceive, have possibly mistaken their identity; and I am the more confirmed in this opinion, as neither the counsel below, in the ..demurrer, nor the able counsel in the argument at this bar. *56 took the smallest notice of the omission. And, in my ap prehension, the plea tendered a fair issue to the demand-ants, on which they might have tried the cause on its true merits, and the onus probandi would have been on the de~ fendant.
But, admitting that the omission would have been fatal, had it been alleged as a cause of demurrer, it is now too late to make the objection; for, by the act for limitation of actions, &c. passed the 19th Dec. 1792, section 27. it is enacted, “ that where a demurrer shall be joined in any ac- “ tion, the Court shall not regard anv other defect, or im~ “ perfection in the writ, return, declaration or pleading, “ than what shall be specially alleged in the demurrer, as “ causes thereof ; unless something so essential to the ac- “ tion, or defence, as that judgment according to law and “ the very right of the cause, cannot be given, shall be “ omitted.”
The question then occurs, whether there is not sufficient matter stated in the record to enable the Court to give-judgment according to law, and the veryright of the cause 1 and I have no difficulty in saying, that I am of opinion there is. The demurrer, I conceive, admits the fact, that the demandant Catharine, under the devise aforesaid, entered into and occupied the mansion-house, garden, stable and stable-lot, &c. and hath ever since been in the possession thereof; but denies it to be in lieu of her dower; and that the defendant ought not so to have averred it, in his said plea, as it is matter not contained in the said will and codicils, or either of them, or any part thereof.
By the act of Assembly, relating to dower, above recited, a widow shall not have both dower and lands intended to be in lieu thereof ; and the demandant Catharine, having accepted and occupied the lands, mansion-house, &c. (wherever they be,) devised to her by her late husband’s will, is not entitled to dower in any other of his lands or tenements; as it appears to me that they were intended *57 to be in lieu of her dower, though not so expressed in the will. I am therefore of opinion that the judgment of the District Court ought to be affirmed.
By a majority of the Court, (absent Judge I.tons,) the judgment of the District, Court aeí'íjimed.

 Vol. 1. p. 737 old ed.

 1 Lord Raym. 438 Vide 3 Lord Raym. 151. where the plea in that case will be found.

 2 Black. Com. 381

 3 Atk. 8

 4 Co. 3. a. Co. Litt. 36. b.

 Nov. 1, 805, MS.

 2 P. Wms., 613

 4 Co. Vernon's case. 3 Bro. Ch. 35l. Foster v. Cook. 6 Ves. jun. 615. 4 Bro. Ch. 513. Caruthers v. Caruthers. Rev. Code, vol. 1. p. 171 e. 94. s. 11. 3 Bro. Ch. 255 Wake v. Wake.

 Vide Co. Litt. 46. a. 4 Rep. 65. a.

 Rep.65.a.

 Vide Lawrence v. Lawrence, 1 Eq. Ca.Abr.219 1 Lord Raym. 438. S. C. 3 Bros.Parl.Ca.483 S.C. Incledon v. Northcote, 3 Atk. 430. Boynton v. Boynton, 1 Bro. Ch. 445. French v. Davis, 2 Ves.jun.572. Foster v. Cook, 3 Bro. Ch.347. Villareal v. Lord Galway, Ambler 682. 1 Bro. Ch. 292. S.C. Pearson v. Pearson, Ibid. 291. Harg.Co.Litt.366.n.

 Rev.Code, vol. 1 p. 170. c. 94. s. 2.

 Co. Litt. 303. b.

 1 Saund. 247. n. (1).

 Hob. 56. 5 Co. 69. Co. Litt. 72. a.

 10 Co. 88. Leyfield's case.

 2 Bl. 379.

 4 Co. 1.

 2 H. Bl.145.

 2 bl. 138. Christian's note, and other authorities.

6) 1 Wash. 162.

 Ibid. 172.

 1 Ld. Raym. 438. Sec the pleadings in 3 Ld. Raym. 151.

Rev.Code, vol. 1. p. 112. c. 76. s. 27.

 5 Bac., Abr. 404.

Rev.Code, vol. 1. p. 112.

 3. Ld. Raym. 151

6) 2 Bac. Abr. 373

 2. Bl.Com. 138.

 2 Vern. 365.

 3 Bl.Com.308.

 3 Bl.Com. 273. 294.

 Cowp. 176,

 2 H Bl. Rep. 145.

See7 Bac. Abr. 49.

See 1 Bac. 150. and Buller's N. P. 324.

Rev.Code. vol. 1. c. 112 s. 27.

See 1 Bac. 151.

 Co. Litt. 36. b. 4. Rep. 3.

 Co. Litt. 36 b. 4 Co. 4 Leake and Randall's case.